REGAN, Judge.
Plaintiff, Earl Byrd, instituted this suit against the defendant, New Amsterdam Casualty Company, the insurer of Gervais F. Favrot Company, contractors of this City, endeavoring to recover the sum of $4,107.00 for personal injuries resulting from an accident on the night of January 19th, 1948, at 11:00 p.m., when the automobile, in which he was an occupant, was driven by the operator thereof into an excavation in Poydras Street near the intersection of S. Rampart Street.
Defendant answered and denied the existence of any negligence on the part of the contractor, insisting that the negligence of the operator of the automobile caused the accident and, in the alternative, pleaded the contributory negligence of Byrd in that he was “not keeping a proper lookout, in not warning the driver of the barricade which he could have seen and should have seen had he been looking, and being under the influence of liquor and in riding with the driver of the said automobile who was also under the influence of liquor, and that the said negligence or contributory negligence was a bar to his recovery.”
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans intervened claiming the sum of $12.00 for professional services rendered to the plaintiff as a result of this accident.
The court, a qua, rendered judgment in-favor of plaintiff in the amount of $2,-107.00 and in favor of the intervenor in *771 the sum of $12.00. Hence this appeal by-defendant.
This litigation emanates from.the same accident, the facts and pertinent issues of which are the same as those found in the case of Moore v. New Amsterdam Casualty Company, La.App., 52 So.2d 766; in that case we were of the .opinion that the accident was caused solely through the negligence of the employees of the Gjervais F. Favrot Company, contractors of this City, and there is not a scintilla of evidence in the record to indicate that plaintiff herein, Byrd, was in any way negligent.
The only remaining query posed for our consideration is the monetary evaluation of the personal injuries sustained by the plaintiff herein.
The plaintiff as the result of the accident was rendered unconscious when the car in which he was an occupant plunged into the excavation. He remained in this state until his arrival at the Charity Hospital, where emergency treatment was administered to his injuries. The record discloses that he suffered a severe contused ■ wound or, in the descriptive terminology of 'his attending physician, a “hickey like an egg” on top of his head, therefore, an X-ray of his skull was indicated and recommended which subsequently-proved negative for fracture. He also incurred a lacerated wound of his scalp, measuring one and three quarter inches in length, beginning at the foremost edge of the hairline, which necessitated eight sutures and, upon the healing thereof, a permanent scar remained, which continues to be visible. Plaintiff testified that the wound is still very sensitive and causes him some discomfort, especially when he combs his hair. The record further reflects that plaintiff incurred a strained leader' causing severe pain and swelling of the right side of his neck and jaw and a contused wound of the patella (left kneecap) which causes pain in inclement weather, and general contusions of his body. Plaintiff stated that since the accident he experiences severe headaches and a sensation of dizziness and that these injuries incapacitated him for approximately four weeks. In addition to the foregoing personal injuries plaintiff sustained a loss of- his eyeglasses valued at $32.00.
Dr. Lyons rendered a bill in the sum of $75.00 for professional services to Byrd, which Byrd testified he had paid and which we do not consider excessive.
- The judge, -a quo, awarded plaintiff $2,-000.00 for personal injuries, $75.00 for medical expenses and $32.00 for cost of replacing his eyeglasses or a total of $2,-107.00 and we are of the opinion that this amount is not excessive.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.